**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| The Coca-Cola Company and <br> Coca-Cola Ltd., <br>         Plaintiffs, <br> v. <br> Salamander Graphix, Inc., <br>         Defendant. | CIVIL ACTION NO. <br> 1:08-cv-03446-JOF |

## **OPINION & ORDER**

This matter is before the court on Plaintiffs' motion for summary judgment [12].

**I.  Background**

    **A.  Facts and Procedural History**

Plaintiffs, Coca-Cola Company and Coca-Cola Ltd., sued Defendant, Salamander Graphix, Inc., on November 7, 2008, alleging two counts of breach of contract. Plaintiff Coca-Cola Company is a Delaware corporation with its principal place of business in Atlanta, Georgia. Plaintiff Coca-Cola Ltd. is a Canadian company. Defendant is a California company with its principal place of business in California. Plaintiffs brought this motion for summary judgment on March 17, 2009.

Plaintiffs and Defendant executed a Licensing Agreement that began January 1, 2006 and continued until December 31, 2007.[1] Docket Entry [12], Ex. A, ¶ 4. Under the Licensing Agreement, Defendant would manufacture certain goods bearing Plaintiffs' trademarks. Complaint, ¶ 11. Plaintiffs audited Defendant to determine whether Defendant was complying with the License Agreement. D.E. [13], ¶ 3; Complaint, ¶ 15. Plaintiffs contended that Defendant was not in compliance and as a result, owed Plaintiffs money. D.E. [13], ¶ 4; Complaint, ¶¶ 15-16. Defendant denied that it owed Plaintiffs any money. D.E. [13], Ex. B. After some discussion regarding the audit, Plaintiffs and Defendant entered into a Settlement Agreement in January of 2008.[2] D.E. [12], Ex. A, ¶ 5. The Settlement Agreement required that Defendant pay Plaintiffs a total of $100,000, *id.*, seemingly in exchange for Plaintiffs' forbearance from suing for breach of the License

---

[1] According to this court's Local Rules and the Federal Rules of Civil Procedure, the court can only rely on those facts from Plaintiffs' and Defendant's statements of material fact that are supported by a citation to evidence, Local Rule 56.1B(1), N.D. Ga., or those facts that are deemed admitted by Defendant's failure to comply with Local Rule 56.1B(2)a(2), or those facts supported by the record. Furthermore, Defendant failed to respond to Plaintiffs' statement of material facts as required by Local Rule 56.1B(2)a(2). Defendant only provided its own statement of material facts. Defendant is therefore deemed to have admitted any facts in Plaintiffs' statement of material facts that comply with the Local Rules or the Federal Rules of Civil Procedure. Both Plaintiffs and Defendant make many statements they allege are factual without citation to any evidence or the record. In order to provide context for the current dispute, the court will have to relay some facts that are not supported by a citation to evidence but will only utilize those that do not appear to be contested by either party.

[2] Defendant contends that this agreement is not valid, but Defendant does not deny that it did in fact sign or enter into the alleged agreement with Plaintiffs.

AO 72A
(Rev.8/82)

Agreement based on their findings from the audit. *See* D.E. [13], ¶ 14; Complaint, ¶ 16. The payment was to be made in a series of three installments, with the first installment of $25,000 due by July 1, 2008, the second installment of $25,000 due by September 1, 2008, and the final installment of $50,000 due by December 1, 2008. D.E. [12], Ex. A, ¶ 5. The Settlement Agreement also required Defendant to pay Plaintiffs "any shortfall in minimum royalty guarantees due under the License Agreement" for 2007. *Id*. at ¶ 7. Those royalties are $26,520.01 plus eighteen percent (18%) interest per annum. *Id*. Defendant has not paid Plaintiffs any amount under the Settlement Agreement. *Id*. at ¶ 6. The total amount owed is $126,520.01 plus interest of eighteen percent (18%) per annum. *Id*. at ¶ 10.

### B.     Contentions

Plaintiffs contend that Defendant breached the Settlement Agreement by failing to pay the $100,000 owed by December 1, 2008. Plaintiffs also allege that Defendant breached the License Agreement by failing to pay shortfall royalties. However, the contractual clause Plaintiffs allege that Defendant breached comes from the Settlement Agreement rather than the original licensing agreement. D.E. [12], Ex. A, ¶ 7. Therefore, this court will construe Plaintiffs' claims as two separate breaches of the Settlement Agreement. In response, Defendant contends that (1) the terms of the License Agreement were modified by the parties,[3] (2) the audit of Defendant that led to the Settlement Agreement was improper,[4] and

---

[3] Defendant offers no evidence of the modification, nor does Defendant state how the modification, if any existed, is relevant to Plaintiffs' contentions. Therefore, the court will

3

(3) Defendant fully performed under the License Agreement. Defendant further argues that the Settlement Agreement is invalid because Defendant signed the Agreement under duress, and Plaintiffs caused that duress by threatening litigation when they knew Defendant was suffering financial hardship.

## II. Discussion

Summary judgment should be rendered where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Regarding "issues on which the movant would bear the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

---

not address this unsupported and unexplained argument.

[4]Defendant does not argue that it did not enter into the Settlement Agreement. Defendant's argument that the audit was improper does not change that fact, and Defendant does not offer and the court cannot determine any other explanation for why this argument is relevant.

4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the movant has met that burden, the nonmoving party must present evidence to establish a material issue of fact. *Id.* at 325.

As Plaintiffs are the moving parties, it is their burden to show a *prima facie* case of a breach of contract. First, Plaintiffs must establish the existence of the Settlement Agreement by showing the "subject matter of the contract, consideration, and mutual assent by all parties to all contract terms." *Broughton v. Johnson*, 247 Ga. Ct. App. 819, 819 (2001) (citing O.C.G.A. § 13-3-1). Then, to recover for breach of contract, Plaintiffs must then "establish both a breach of the contract and resulting damages." *Graphics Prods. Distribs., Inc. v. MPL Leasing Corp.*, 170 Ga. Ct. App. 555, 555 (1984).

Plaintiffs have shown that the parties entered into the Settlement Agreement in exchange for Plaintiffs' forbearance from suing Defendant on the original Licensing Agreement. Defendant does not dispute the express terms of the Settlement Agreement. According to the Settlement Agreement, Defendant was required to pay any "shortfall in minimum royalty guarantees due under the License Agreements for calendar year 2007." D.E. [12], Ex. A, ¶ 7. Plaintiffs offer affidavit evidence stating that the amount of shortfall royalties for 2007 is $26,520.01 plus interest of eighteen percent (18%) per annum, and Defendant has not paid that amount. Furthermore, Plaintiffs have relied on undisputed facts to show that the Settlement Agreement required Defendant to pay $100,000 by the end of

5

2008, which Defendant has also not paid. Therefore, Plaintiffs have shown the existence of an agreement, a breach of that agreement by Defendant's failure to pay, and damages in the amount of the royalties and the $100,000 due under the Settlement Agreement plus interest. As Plaintiffs have satisfied their burden, the burden is now on Defendant to show that there is a genuine dispute regarding a material fact.

Defendant alleges that it "paid Plaintiffs pursuant to all relevant terms of all relevant agreements alleged in Plaintiffs' Complaint." D.E. [13], 2. The only evidence in support of this statement is a letter dated September 7, 2007 that Defendant sent to Plaintiffs. *Id.* at Ex. B. The letter is in response to Plaintiffs' audit of Defendant and Plaintiffs' subsequent determination that Defendant owed Plaintiff over $2,000,000. *Id.* at Ex. A, Ex. B. In the letter, Defendant addresses each portion of the audit and concludes that it "paid the royalties due" under the Licensing Agreement. *Id.* at Ex. B. Defendant's proffered evidence does not satisfy its burden. The letter was written in September of 2007, but the royalties Plaintiffs request are **all** shortfall royalties from 2007, not just those royalties that were unpaid as of September 2007. Furthermore, that Defendant may have been paid up on royalties by September 2007 has nothing to do with the non-royalty amount of $100,000 Defendant promised to pay under the January 2008 Settlement Agreement. Defendant has not shown a genuine dispute regarding any material fact.

6

Defendant also alleges that the Settlement Agreement is invalid because it was signed by Defendant under duress. The duress was allegedly caused when Plaintiffs threatened litigation knowing that Defendant was suffering financial hardship. The court can find no Georgia cases allowing economic duress to serve as a contractual defense. *See Compris Techs., Inc., v. Techwerks, Inc.*, 274 Ga. Ct. App. 673, 682 (2005) (citing *Coop. Res. Ctr., Inc. v. Southeast Rural Comm. Assistance Project, Inc.*, 256 Ga. App. 716, 721 (2002)). Furthermore, Georgia courts have held that threats of litigation do not constitute duress. *Causey v. Matson*, 215 Ga. 306, 311 (1959); *Bond v. Kidd*, 122 Ga. 812, 812 (1905); *Mobley v. Coast House, Ltd.*, 182 Ga. Ct. App. 305, 307 (1987). Therefore, Defendant's argument that the Settlement Agreement is not valid because it was signed under duress fails. Plaintiffs have made out a *prima facie* case for breach of contract, and Defendant has not shown there is a material fact dispute. Plaintiffs' motion for summary judgment must be granted.

As to damages, Plaintiffs argue that they are owed $100,000 plus eighteen percent (18%) interest per annum under the Settlement Agreement and $26,520.01 plus eighteen percent (18%) interest per annum in unpaid royalties. The only evidence Plaintiffs give for this contention is an affidavit stating the amount owed. There is no evidence of how the royalties were calculated. However, Defendant does not expressly contest the amount of royalties calculated nor does Defendant argue that the Settlement Agreement did not require it to pay Plaintiffs $100,000.00. Although unclear, Defendant's only arguments relevant to

7

damages seem to be that it paid all money due under the License Agreement, the terms of the License Agreement were modified, and that the Settlement Agreement was entered into under duress. The court has already addressed and dismissed each of these arguments. Therefore, Plaintiffs' request for damages in the amount of $126,250.01 plus interest is granted.

### III. Conclusion

The court GRANTS Plaintiffs' motion for summary judgment in its entirety [12]. The Court DIRECTS Defendant to pay Plaintiffs the sum of $126,520.01 plus prejudgment interest calculated at eighteen percent (18%) per annum and post judgment interest at the legal rate.

**IT IS SO ORDERED** this 7th day of October 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)